[Cite as *State v. Jeffries*, 2025-Ohio-2983.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-240695 |
| | | TRIAL NO. | 24/CRB/18338/A |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *JUDGMENT ENTRY* | |
| DONTAE JEFFRIES, | : | | |
| Defendant-Appellant. | : | | |

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 8/20/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Jeffries*, 2025-Ohio-2983.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240695 |
| | | TRIAL NO. 24/CRB/18338/A |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| DONTAE JEFFRIES, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 20, 2025


*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Robert E. Rickey*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Law Office of Roger W. Kirk* and *Roger W. Kirk*, for Defendant-Appellant.

**CROUSE, Judge.**

**{¶1}** Defendant-appellant Dontae Jeffries appeals from the Hamilton County Municipal Court's judgment convicting him of failure to comply with an order of a police officer in violation of R.C. 2921.331. Jeffries asserts one assignment of error for our review, arguing that his conviction is based on insufficient evidence and is against the manifest weight of the evidence. Finding Jeffries's argument to be without merit, we affirm the trial court's judgment.

## I. Factual and Procedural History

**{¶2}** Jeffries was charged with obstructing official business under R.C. 2921.31 and failure to comply with an order of a police officer under R.C. 2921.331.

**{¶3}** The evidence presented at a bench trial established that, on October 24, 2024, Jeffries was the front-seat passenger in a vehicle that was the subject of a traffic stop conducted by Cincinnati Police Officers Samuel Myres and Samuel Bailey. Officer Myres testified that he recognized the driver of the car from previous interactions and was aware that she lacked a valid license. He also recognized Jeffries from a previous incident in which Jeffries had pointed a firearm at individuals at an intersection, ran from the police, and then tossed the firearm. This prior incident led Officer Myres to fear that Jeffries may have been armed during the traffic stop, and he informed the other officers on the scene about this previous incident.

**{¶4}** Officer Bailey testified that he stood on the passenger side of the vehicle and observed Jeffries while Officer Myres filled out the paperwork for the traffic stop on the driver's side of the car. Officer Bailey observed that Jeffries "seemed nervous," and he alerted Officer Myres.

**{¶5}** Officer Myres testified that he asked Jeffries to exit the vehicle, but that

Jeffries did not initially comply.[1] The passenger door was opened, although both officers testified that they could not remember how it came to be opened or who opened it. Both officers again asked Jeffries multiple times to exit the vehicle. According to Officer Myres, Jeffries ignored them and said "wait" while he looked at his phone. Jeffries then put one foot out of the car but continued to look at his phone rather than exit the vehicle. Officer Bailey testified that this noncompliance from Jeffries lasted about 15 to 20 seconds.

**{¶6}** The officers' testimony established that they pulled Jeffries from the vehicle, handcuffed him, and searched him. Officer Myres testified that he asked Jeffries "if he had anything on him," and that Jeffries disclosed that he had marijuana. During the pat down, Officer Myres found a bindle of marijuana in Jeffries's pocket. Officer Bailey placed Jeffries into the back of an officer cargo van, but Jeffries stuck his knee out of the van door, restricting the door from closing.

**{¶7}** Once Jeffries was in the back of the van, Officer Myres sat in the front seat to fill out paperwork. He noticed in the vehicle's camera that Jeffries was attempting to reach for something under his body. Officer Myres, with assistance from a fellow officer, pulled Jeffries out of the van to be further searched, and a BB gun was found in his pants. Officers then placed Jeffries in another police vehicle and transported him to jail.

**{¶8}** The trial court found Jeffries not guilty of obstructing official business under R.C. 2921.31 and guilty of failure to comply with an order of a police officer under R.C. 2921.331. Jeffries now appeals.

---

[1] Footage from Officer Myres's body-worn camera that captured this incident was played at trial, but it was not admitted into evidence, and it consequently is not available for our review.

### II. Sufficiency and Weight of the Evidence

**{¶9}** In his sole assignment of error, Jeffries argues that his conviction for failure to comply was not supported by sufficient evidence and was against the manifest weight of the evidence.

**{¶10}** When reviewing a challenge to the sufficiency of the evidence, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Cleaned up.) *State v. Walker*, 2016-Ohio-8295, ¶ 12.

**{¶11}** A challenge to the manifest weight of the evidence, on the other hand, requires this court to "review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice." *State v. Powell*, 2020-Ohio-4283, ¶ 16 (1st Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

**{¶12}** The offense of failure to comply is set forth in R.C. 2921.331(A). It provides that "[n]o person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." R.C. 2921.331(A).

**{¶13}** R.C. 2921.331(A) does not specify the mens rea needed to commit the misdemeanor offense of failure to comply with the lawful order of a police officer. Pursuant to R.C. 2901.21(C)(1), "[w]hen language defining an element of an offense that is related to knowledge or intent or to which mens rea could fairly be applied neither specifies culpability nor plainly indicates a purpose to impose strict liability, the element of the offense is established only if a person acts recklessly." Recklessness is defined in R.C. 2901.22(C), which provides that "[a] person acts recklessly when,

5

with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature."

**{¶14}** Jeffries does not argue that the officers' orders were not lawful. Police officers have the right to remove an occupant from a vehicle during a traffic stop. After lawfully stopping a vehicle for a traffic violation, officers may order the driver of the vehicle to exit it without violating the Fourth Amendment's proscription of unreasonable searches and seizures. *State v. Jackson*, 2022-Ohio-4365, ¶ 13. "An officer needs no justification beyond that necessary for the initial stop to order a driver from the car." *Id.* An officer may order a driver and passengers to exit a vehicle during a lawful traffic stop without additional suspicion of criminal activity, as this is a minimal intrusion to ensure officer safety. *State v. Ballein*, 2025-Ohio-1240, ¶ 30-31 (4th Dist.).

**{¶15}** Officers Myres and Bailey testified that Jeffries was given orders to step out of the vehicle, and that he did not comply and ignored their requests. The evidence at trial showed that Jeffries was aware of the orders to exit the vehicle and refused to comply.

**{¶16}** Jeffries argues on appeal that taking 15 to 20 seconds to exit a car does not constitute a reckless failure to comply with a lawful order of a police officer.

**{¶17}** R.C. 2921.331 does not specify an explicit time requirement that an offender must be given to comply with an officer's lawful order. Rather, it only requires that the offender recklessly fail to comply with a lawful order.

**{¶18}** Jeffries was given repeated orders from Officer Myres and Officer Bailey to exit the vehicle and did not comply for 15 to 20 seconds. Instead, he remained in the vehicle and looked at his phone, telling the officers to "wait." He then stepped one

foot out of the vehicle, but instead of exiting, continued to look at his phone.

**{¶19}** We hold that this was sufficient evidence that Jeffries acted with "heedless indifference" to the consequences of his actions. The evidence showed Jeffries heard the officers' unambiguous orders to exit the vehicle. Any person would have known that there was a "substantial and unjustifiable risk" that failing to promptly exit the vehicle and remaining on their phone would have constituted a failure to comply with those commands. The evidence showed that Jeffries disregarded that risk by choosing not to exit the car, and it was therefore sufficient to show that he was, at a minimum, reckless.

**{¶20}** Jeffries's conviction was also not against the manifest weight of the evidence. The trial court was entitled to judge the credibility of the witnesses and to believe the officers' testimony that Jeffries failed to comply with their order to exit the vehicle. *See State v. Washington*, 2019-Ohio-2215, ¶ 53 (8th Dist.). This is not the rare case in which the trial court lost its way and committed a manifest miscarriage of justice in convicting Jeffries. *See Powell*, 2020-Ohio-4283, at ¶ 16 (1st Dist.).

**{¶21}** Having concluded that Jeffries's conviction for failure to comply was supported by sufficient evidence and was not against the manifest weight of the evidence, we overrule his assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **NESTOR, J.,** concur.